FRANCISCO A. NIEVES, Petitioner and Appellee, v. R. R. LUTZ, CHIEF OF THE INSULAR POLICE OF PUERTO RICO, ET AL., Respondents and Appellants.

No. 5972.   Argued June 8, 1932.—Decided July 29, 1933.

*Charles E. Winter, Attorney General,* and *F. Torres Pérez, Assistant Attorney General,* for appellants. *Juan Valldejuli* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Francisco A. Nieves was a sergeant of the Insular Police during a period of time which ended on December 9, 1930. At the beginning of 1931 he was discharged from the Insular Police, and thereupon he petitioned the District Court of San Juan for a writ of mandamus to compel the Chief of the Insular Police and the Insular Police Commission to reinstate him in his position, on the ground that he had made timely application for reenlistment in the position which he filled.

One of the questions raised by the respondents is that the remedy of mandamus resorted to in this case does not lie, as the act regulating the Insular Police grants to the petitioner an appeal to the Governor of Puerto Rico from the decision complained of. The district court decided this question by holding that the writ of mandamus lies because the remedy by appeal to the Governor which the act provides is not clear, adequate and speedy, since it does not determine the procedure to be followed, the term in which the appeal should be taken, nor the manner in which it should be prosecuted; and it rendered judgment for the petitioner. The present appeal has been taken from that judgment.

The Act to provide for the organization, regulation, and government of the Insular Police of Puerto Rico, approved March 12, 1908 (Comp. Stat. 1911, secs. 2071, *et seq.*), is still

in force, with some amendments made thereto by Act No. 46 of 1925 (Sess. Laws, p. 262). Its section 9, last paragraph, as amended, provides that: "All discharges, removals, and demotions of sergeants, corporals, and guardsmen shall be made by the Insular Police Commission, when in its opinion such action is justified by the circumstances, but such decision as may be adopted by the Insular Police Commission may be appealed from by the persons prejudiced thereby, to the Governor, who may revoke or confirm the said decision." It also provides that reasons for honorable discharge shall be the expiration of the term of enlistment or physical incapacity. The cited paragraph of section 9 of the original Act of 1908 did not authorize the said remedy of appeal. According to section 7, the supreme authority in respect to the direction of the Insular Police shall be vested in the Governor.

The petitioner admits in his petition for mandamus that his appointment as a sergeant was made for a period of two years ending on December 9, 1930, and that if he wished to be reenlisted as sergeant he was required to submit an application therefor before ten days, counted from said date, had elapsed.

The amended section 9 which we have copied empowers the Insular Police Commission to decide as to all the discharges of sergeants, including those discharges due to the expiration of the term for which the sergeants may have been appointed or engaged, for it not only speaks of all discharges in general terms but also says that the expiration of the term of enlistment of sergeants, corporals, and guardsmen shall be a reason for an honorable discharge; and hence it is the Insular Police Commission who decrees the discharges in all cases.

The Insular Police Law which we have cited is administrative in its scope, for it refers to the composition of the police force, its numerical strength, its direction; the appointment, promotion, suspension, reduction in grade, and dismissal of officers, sergeants, and corporals; the enlistment

of guardsmen, reenlistment of sergeants, corporals and guardsmen, duties of district chiefs, etc.; and as the act provides the remedy by appeal, which is likewise administrative, to the Governor from the decisions of the Insular Police Commission, including those relating to discharge of sergeants, corporals, and guardsmen, the courts of justice should not interfere with such decisions, since said act authorizes an administrative appeal therefrom to the Governor. The fact that the act omits to specify how, when, and in what manner the appeal is to be taken to the Governor, does not justify the intervention of the courts of justice in the instant case, as it can not be maintained on that ground that such an appeal is not clear, adequate, and speedy. The remedy by appeal is clear, for it is expressly provided by the act; and since the statute does not specify the manner and term thereof, it naturally may be taken by means of a petition presented to the commission within a reasonable time. That decision, as well as many others which the Insular Police Commission administratively renders, must be also administratively reviewed by the Governor. In *Axtmayer* v. *Kessinger,* 32 P.R.R. 841, where an appeal to the Governor was granted by law, it was said that it is a well-known rule that the administrative remedies should be exhausted before resorting to the courts.

For the foregoing reasons, the writ of mandamus sought does not lie in this case, and the judgment appealed from must be reversed and another rendered instead dismissing the petition for mandamus.